IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GABRIELLE PIKE, | ) |
|         Plaintiff, | ) ) ) |
| v. | ) )   Case No.: |
| SIMM ASSOCIATES, INC., | ) ) |
|         Defendant. | ) ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff Gabrielle Pike seeks redress from unlawful practices engaged in by Simm Associates, Inc. ("SAI"), contrary to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D. Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union,*

*LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## JURISDICTION AND VENUE

7. Subject matter jurisdiction exists under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

8. Because defendant's collection activities occurred in this District, and because it does business here, personal jurisdiction and venue in this District are proper.

## PARTIES

9. Gabrielle Pike lives in the Northern District of Illinois.

10. Defendant SAI is a Delaware corporation with principal offices at 800 Pencader Drive, Newark, DE 19702. It does business in Illinois. Its registered agent and office is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

11. Defendant SAI is engaged in the business of a collection agency, using the mails and telephone system to collect debts allegedly owed to others.

12. Defendant SAI states on its web site that it was "established in 1991 as an accounts receivable management firm that has quickly grown into a highly respected and successful collection agency." (https://www.simmassociates.com/about-our-team-simm-associates/)

13. Defendant is a "debt collector," as defined in 15 U.S.C. §1692a.

## FACTS

14. Defendant has been seeking to collect from plaintiff alleged private student loan debts, incurred for personal, family or household purposes.

15. On or about January 18, 2017, SAI sent plaintiff a letter seeking to collect one such loan. A copy of this letter is attached as Appendix A.

16. Appendix A is the initial letter plaintiff received from SAI regarding the debt.

17. The letter referred to a June 25, 2015 judgment on the debt (Appendix B).

18. In fact:

    a. the judgment was subsequently vacated (Appendix B);

    b. summary judgment was eventually entered in favor of Ms. Pike, on statute of limitations grounds (Appendix B); and

    c. at this time, Ms. Pike had no legal liability.

19. Ms. Pike was represented by counsel with respect to such debt.

20. Plaintiff was upset, aggravated and harassed by the contact.

### COUNT I – FDCPA – INDIVIDUAL CLAIM

21. Plaintiff incorporates paragraphs 1-20.

22. Defendant violated 15 U.S.C. §§1692c and 1692e by sending Appendix A directly to plaintiff, and by seeking to collect a debt which was not legally enforceable without disclosure of that fact.

WHEREFORE, judgment in favor of plaintiff should be given, awarding

    a. Actual damages;

    b. Statutory damages;

    c. Attorney's fees, litigation expenses and costs of suit, and

    d. All other proper relief.

    s/ Daniel A. Edelman
    Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
Patricia N. Jjemba
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com

## **NOTICE OF LIEN AND ASSIGNMENT**

    Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

s/ Daniel A. Edelman
Daniel A. Edelman
